

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-14-00018-CV

Damien **HERRERA** and Blaine Castle,
Appellants

v.

Judy **STAHL** and Sue Hensley,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-05750
Honorable Michael E. Mery, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice
Concurring Opinion by:  Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  July 16, 2014

I concur in the court's judgment; however, I write separately because I do not believe the

Texas Citizens' Participation Act (the Act) applies, or was meant to apply, in a case such as this.

In 2011, the Texas Legislature recognized that Strategic Lawsuits Against Public

Participation (SLAPP suits), "aimed at silencing" citizens who exercise their "'constitutional rights

. . . to petition, speak freely, associate freely, and otherwise participate in government to the

maximum extent permitted by law,'" were becoming more common.  *Whisenhunt v. Lippincott*,

416 S.W.3d 689, 696, 698 (Tex. App.—Texarkana 2013, pet. filed) (quoting SENATE COMM. ON

STATE AFFAIRS, BILL ANALYSIS, TEX. H.B. 2973, 82d Leg., R.S. (2011), TEX. CIV. PRAC. & REM.

CODE ANN. § 27.002 (West Supp. 2013)). The legislature promulgated the Act (an "Anti-SLAPP" law) as a shield to protect citizens who exercise their constitutional rights to communicate for the purpose of addressing common interests, about matters of public concern, or in judicial, official, or other public proceedings. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 ("Purpose"); *id.* § 27.001 ("Definitions").

In this appeal, Appellants posture themselves as the "citizens" targeted by a SLAPP suit instigated by Appellees. But there is nothing in the record to support Appellants' contention that Appellees are attempting to "chill" Appellants' efforts before the City of San Antonio zoning administrators or to hinder the efforts of the Chesapeake Condominium owners from "associating" for the purpose of pursuing the Association's common interests. To the contrary, the evidence shows Appellants are using the Act as a sword to silence Appellees and prevent them from speaking freely.

Although the merits of Appellees' lawsuit have not been decided at the trial level, their suit alleges numerous failures by the Association, Herrera, and Castle to act in the best interest of the condominium owners and to comply with the Association's by-laws. The essence of Appellees' defamation allegations is that Appellants are besmirching them in an effort to ostracize them from the other condominium owners and ruin Appellees' reputations because Appellees "have dared to question" Herrera's and the Association's unfair treatment of certain residents. Appellees' speech criticizing Appellants' conduct, and Appellees' lawsuit against the Association, Herrera, and Castle, are the types of speech and lawsuits the Act was meant to safeguard. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002.

On the other hand, the Act was not meant (1) to be misused as a sword to seek a dismissal of defamation claims as Appellants attempt to do, or (2) to protect the leaders against whom socially active citizens speak out. Therefore, under these circumstances, the Act does not apply.

The constitutional rights "to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law" at issue here are Appellees', not Appellants'.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002.

Patricia O. Alvarez, Justice